IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Federal Reserve Bank of San Francisco,<br><br>Plaintiff,<br><br>v.<br><br>Benworth Capital Partners PR LLC, *et al.*,<br><br>Defendants. | Civil No. 24-01313 (MAJ) |

## MOTION TO TRANSFER CASE

The Federal Reserve Bank of San Francisco (the "Reserve Bank") requests, pursuant to Loc. Civ. R. 3A(a)(2), that the above-captioned case be transferred to the Honorable Gina R. Méndez-Miró, who is currently presiding over the related case captioned *Oto Analytics, LLC v. Benworth Capital Partners PR LLC et al.,* Civil No. 23-01034 (the "Womply Action").

## FACTUAL BACKGROUND

### A. The Reserve Bank Action

1. On July 10, 2024, the Reserve Bank filed a *Complaint* (the "Reserve Bank Complaint" and the related action, the "Reserve Bank Action") against Benworth Capital Partners PR LLC ("Benworth PR"), Benworth Capital Partners LLC ("Benworth FL"), and the individuals Bernardo Navarro and Claudia Navarro (together, the "Navarros" and together with Benworth PR and Benworth FL, the "Defendants"). *See* ECF No. 1.

2. Broadly speaking, in the Reserve Bank Complaint, the Reserve Bank alleges that Benworth FL owes it millions of dollars in fees, accrued interest, and additional costs arising

from Benworth FL's default under the Program Agreements,[1] pursuant to which the Reserve Bank provided credit advances to Benworth FL through its Paycheck Protection Program Liquidity Facility. *See id.* ¶¶ 16-37. The Reserve Bank Complaint further alleges that Benworth FL fraudulently transferred assets to Benworth PR and the Navarros while it was insolvent, undercapitalized, and unable to pay its debts when due, or that such transfers caused it to become insolvent, undercapitalized, and unable to pay its debts as they became due.

3. Accordingly, the Reserve Bank Complaint requests, among other relief: (1) rescission of various fraudulent transfers from Benworth FL to Benworth PR and the Navarros; (2) a declaration that Benworth PR is the *alter ego* of and/or the successor to Benworth FL, making Benworth PR liable to the Reserve Bank; (3) a declaration that the Navarros are personally liable for satisfying Benworth FL's and Benworth PR's obligations to the Reserve Bank as a result of the piercing the corporate veil; and (4) an award of costs in the Reserve Bank's favor, including unpaid principal, accrued interest (including default interest, as applicable), and additional costs owed under the Program Agreements.

**B. The Womply Action**

4. In early 2023, Oto Analytics, LLC ("Womply") filed a complaint against the Defendants in this Court.[2] As alleged in the Womply Complaint, Benworth FL contracted to use Womply's services related to the PPP loans originated by Benworth FL. Under the parties' agreements, Benworth FL was to pay Womply certain fees for these services. Womply alleges it is owed approximately $200 million in unpaid fees and interest from Benworth FL, which claims

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Reserve Bank Complaint.

[2] Compl., *Oto Analytics, LLC v. Benworth Capital Partners PR LLC et al.,* Civ. No. 23-01034 (D.P.R.), filed January 24, 2023, as amended on July 1, 2024 (the "Womply Complaint" and the related action, the "Womply Action").

it was also pursuing in an arbitration proceeding commenced in August 2021.[3]

5. In the Womply Complaint, Womply requests similar relief against the Defendants as requested in the Reserve Bank Complaint, including a request to unwind a transfer of $171 million from Benworth FL to Benworth PR, which the Navarros own and control. *See* Womply Compl. ¶ 2. The Womply Complaint also seeks attachment of the Defendants' assets, including funds that were fraudulently transferred from Benworth FL to Benworth PR and/or the Navarros. Like the Reserve Bank, Womply alleges that these transfers have left it unable to collect its purported debt owed by Benworth FL to Womply under the parties' agreements.

6. Because the Womply Action and Reserve Bank Action both seek to recover alleged fraudulent transfers made by the same defendants, allege similar facts to support that relief, and ultimately seek to collect on amounts due and owing from Benworth FL, the Reserve Bank notified the Court of this connection in the Civil Cover Sheet affixed to the Reserve Bank Complaint. Additionally, the Reserve Bank informed the Court that the Womply Action is currently presided over by Judge Méndez-Miró. *See* ECF No. 1.

7. Additionally, on July 10, 2024, the Reserve Bank filed a *Motion to Intervene Under Fed. R. Civ. P. 24* (the "Motion to Intervene") requesting that the Court allow it to intervene in the Womply Action. *See* ECF No. 127 (Civil No. 23-01034). As discussed in the Motion to Intervene, the prime target of the Womply Action is the assets held by the Defendants and the allegedly fraudulent transactions orchestrated to prevent Womply from collecting its

---

[3] On June 11, 2024, the arbitrator issued a final award (subsequently corrected on June 26, 2024) requiring Benworth FL to pay Womply nearly $118 million in unpaid fees, interest, and costs. Womply has filed a petition to confirm the final award in the United States District Court for the Northern District of California. *See* Reserve Bank Compl. ¶¶ 39-41; *see also See* Petition to Confirm Arbitration Award and For Entry of Judgment, *Oto Analytics, LLC v. Benworth Capital Partners LLC*, No. 3:24-cv-03975 (N.D. Cal. July 1, 2024), ECF No. 1.

purported debt. As a substantial, unpaid secured creditor of Benworth FL, the Reserve Bank has at least an equal claim to the assets of Benworth FL as Womply, and any relief sought by Womply must not prejudice or impair the Reserve Bank's rights against the Defendants.

8. As of the filing of this motion, although the Motion to Intervene remains pending before Judge Méndez-Miró, all other parties to the Womply Action have filed responses confirming they do not oppose the Reserve Bank's intervention.[4]

**ARGUMENT**

9. The Local Rules for the United States District Court for the District of Puerto Rico (the "Local Rules") provide as follows:

> In the interest of justice, consolidation of cases, recusals, or to further the efficient performance of the business of the Court, a judge may return a case to the clerk for reassignment, whether or not the case is related to any other case, or may transfer the case to another judge if the receiving judge consents to the transfer. The clerk shall then reassign the returned case using the computerized case assignment system and shall add an additional card in the assignment deck to the judge who returned the case.

Loc. Civ. R. 3A(a)(2). The Reserve Bank requests that this case be transferred to Judge Méndez-Miró for the following reasons, as contemplated by the Local Rules.

10. *First*, the transfer of the case "would further the efficient performance of the business of the Court" because both the Reserve Bank Action and Womply Action arise from the same or similar facts and, therefore, both cases involve similar questions of law.[5] Given the overlap in factual allegations and legal issues, having one judge handle both cases will streamline

---

[4] *See* Pl. Oto Analytics, Inc.'s Resp. to Federal Reserve Bank of S.F.'s Mot. to Intervene, No. 23-01034 (July 24, 2024), ECF No. 140; Mot. in Compliance with Order, No. 23-01034 (GMM) (July 24, 2024), ECF No. 141.

[5] *Compare, e.g.*, Reserve Bank Compl. ¶ 63 (alleging that as a result of fraudulent transfers from Benworth FL, plaintiff is unable to collect on its debt owed by Benworth FL), with Womply Compl. ¶ 2 (same); Reserve Bank Compl. ¶¶ 47-53 (alleging that Benworth PR is effectively the same company as Benworth FL), with Womply Compl. ¶¶ 185-192 (same); Reserve Bank Compl. ¶¶ 68-87 (asserting claims of actual and constructive fraudulent transfer), with Womply Compl. ¶¶ 215-240 (same); Reserve Bank Compl. ¶¶ 88-105 (asserting claims of alter ego or successor liability and veil piercing), with Womply Compl. ¶¶ 241-255 (same).

judicial processes, reduce significant redundancies that otherwise would persist, and promote judicial economy.

11.  *Second*, transferring this case to Judge Méndez-Miró will help avoid conflicting or incompatible results between two related cases, ensuring consistency in rulings. This is particularly important because both the Reserve Bank Action and Womply Action involve similar alleged fraudulent transfers, and both plaintiffs seek similar forms of relief related to those transfers. *See supra* note 5.

12.  *Third*, the parties to the two cases will not be prejudiced by the transfer, as there would be no inconvenience, delay, or additional expense to any of the parties as a result of the transfer. Indeed, transfer of this case to Judge Méndez-Miró would result in more efficient administration of the cases and would be beneficial for all parties involved. The same would be true for this Judicial District, since it would no longer be necessary for two separate judges to weigh in on legal questions, facts, and evidence common to both cases.

13.  *Finally*, the Reserve Bank notes that counsel for Womply in the related Womply Action is McConnell Valdés LLC. Pursuant to this Court's *Standing Order of Disqualification*, Judge Antongiorgi-Jordán has disqualified herself in all cases in which McConnell Valdés LLC appears as counsel of record. While Womply has not appeared in this case, McConnell Valdés LLC's participation in the Womply Action and clear interest in the outcome of the Reserve Bank Action weighs in favor of transferring this case to Judge Méndez-Miró.

14.  Because the Womply Action and this case (1) involve the same parties and are based on the same or similar claims; (2) involve the same or similar properties, transactions, and events and seek similar relief; and (3) arise out of substantially the same allegations of fact and involve common questions of law, the cases are related and assignment to the same district judge

5

is likely to effectuate a substantial saving of judicial effort. *See* Loc. Civ. R. 3A(b).

15. Accordingly, the Reserve Bank submits that transfer of this case to Judge Méndez-Miró will further the interest of justice and the efficient administration of the business of the Court, and respectfully requests that this Court provide for the transfer, as permitted under Loc. Civ. R. 3A(a)(2).

Respectfully submitted in San Juan, Puerto Rico on July 26, 2024.

Lisa M. Schweitzer (*pro hac vice* pending)
lschweitzer@cgsh.com

Thomas S. Kessler (*pro hac vice* pending)
tkessler@cgsh.com

CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
*Attorneys for the Federal Reserve Bank of San Francisco*

s/*Antonio L. Roig Lorenzo*
Antonio L. Roig Lorenzo
antonio.roig@oneillborges.com
USDC-PR No. 207712

s/ *Salvador J. Antonetti Stutts*
Salvador J. Antonetti Stutts
salvador.antonetti@oneillborges.com
USDC-PR No. 215002

s/ *Ubaldo M. Fernández Barrera*
Ubaldo M. Fernández Barrera
ubaldo.fernandez@oneillborges.com
USDC-PR No. 224807

s/ *Aníbal A. Román Medina*
Aníbal A. Román Medina
anibal.roman@oneillborges.com
USDC-PR No. 308410

O'NEILL & BORGES LLC
250 Muñoz Rivera Ave., Ste. 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944
*Attorneys for the Federal Reserve Bank of San Francisco*

## **CERTIFICATE OF SERVICE**

I certify that on July 26, 2024, I filed a copy of the foregoing document using the Court's CM/ECF system, which will automatically generate a Notice of Electronic Filing to all counsel of record in this matter.

s/ *Aníbal A. Román Medina*
Aníbal A. Román Medina